IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ADVANCE TRADING, INC., an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No.    23-cv-01390 |
| CRAIG BARONE, CRAIG ROBERTSON, FRED DIETZ, BRIAN JACOB, ERIC MEYER, JASON STRAHM, BRENT KIESER, AUSTIN ENDRESS, APALIS, LLC, and APALIS COMMODITIES, LLC, an Illinois limited liability company, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
AS TO COUNTS IX, XI, XII, AND XIII**

NOW COME the Defendants, APALIS, LLC, APALIS COMMODITIES, LLC and AUSTIN ENDRESS (collectively the "Apalis Defendants,") by their counsel, Lorna K. Geiler of Meyer Capel, A Professional Corporation, and provide their Memorandum in Support of Motion to Dismiss as to Counts IX, XI, XII, XIII.

**Introduction**

In Counts IX, XI, XII, XIII of the Complaint, Plaintiff alleges the Apalis Defendants are indirectly liable for the alleged wrongful conduct of other Defendants (referred to in the Complaint as the "Resigning Defendants[1].") Plaintiff does so by claiming that the Apalis Defendants engaged in inducement, interference, conspiracy, and have been unjustly enriched as a result. However, in each of the four Counts which are the subject of the Apalis Defendants' Motion to Dismiss, Plaintiff merely relies on conclusions and speculation which are insufficient to establish any cause of action.

---

[1] In the Complaint, Plaintiff refers to Defendants Dietz, Kieser, Strahm, Barone, Robertson, Jacob, and Meyer as the "Resigning Defendants." (*See*, Complaint at ¶ 28.)

Ultimately, even taking the properly pled facts alleged by the Plaintiff as true (as opposed to the allegations which are unsupported conclusions or speculation,) the Complaint simply does not adequately state any cause of against the Apalis Defendants, and therefore, Counts IX, XI, XII, and XIII of the Complaint should be dismissed, or in the alternative, the Apalis Defendants should be dismissed as defendants from Counts IX, XI, XII, and XIII of the Complaint.

## Procedural Background

A motion under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Mutter v. Madigan*, 17 F. Supp. 3d 752, 757 (N.D. Ill. 2014). To survive dismissal, a complaint must be supported by allegations that, if taken as true, plausibly suggest that the plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court must accept the well-pleaded allegations in the complaint as true; however, legal conclusions and conclusory statements are not taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where the well-pleaded facts do not permit the Court to infer more than the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as is required by Rule 8. *Id.* at 679.

Recently, in *Dean v. Illinois Department of Corrections*, No. 21-cv-3025, 2022 U.S. Dist. LEXIS 48469, at *10-11 (C.D. Ill. Mar. 18, 2022), this Court relied on *McCauley v. City of Chicago*, 671 F.3d 611 (7th Cir. 2011), in applying the pleading standards set by *Twombly* and *Iqbal*, and explaining the level of detail required to state a claim in federal court:

> The [*McCauley*] court held that, in analyzing the sufficiency of a complaint under the *Twombly/Iqbal* plausibility standard, well-pleaded facts in a complaint are accepted as true, but that "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." 671 F.3d at 616. The court also held that *Twombly* and *Iqbal* "require the plaintiff to 'provid[e] some specific facts' to support the legal claims asserted in the complaint" and that, while the "degree of specificity required is not easily quantified," a plaintiff must provide "enough details about the subject-matter of the case to present a story that holds together." *Id.* The Court then found that "once the legal conclusions are disregarded, just one paragraph of factual

2

allegations remains" in the plaintiff's complaint and found that this one paragraph did not provide sufficient detail to state a facially plausible equal protection claim. *Id*. at 618.

*McCauley* involved a relatively complicated claim, and the level of factual specificity required of a plaintiff "rises with the complexity of the claim." *Id.* at 617-618. But even relatively simple employment discrimination claims like Plaintiff's require more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. In *Sokn v. Fieldcrest Community Unit School Dist. No. 8,* No. 10-CV-1122, 2011 U.S. Dist. LEXIS 68418, 2011 WL 2533793 (C.D. Ill. June 27, 2011), for example, the court dismissed a relatively simple equal protection claim filed by a female principal who alleged that the school district that had employed her discriminated against her by paying her less than her male counterparts. 2011 U.S. Dist. LEXIS 68418, [WL] at *3. The court found that the plaintiff failed to plead sufficient details to allow the reasonable inference that her lower pay was solely the result of her being a woman, where the plaintiff "only provided the salaries of all the other principals in the District." 2011 U.S. Dist. LEXIS 68418, [WL] at *5. [Emphasis added.]

Furthermore, in this case, the Complaint contains allegations of fraud (*see*, ¶¶ 45 – 124, 161 – 184, and 187 (d)) which are incorporated into each of the four counts directed against the Apalis Defendants (*see*, ¶¶ 193, 221, 231, and 235.)  Accordingly, in addition to the pleading requirements established in *Twombly* and *Iqbal*, pursuant to Fed. Rules of Civ. Proc. Rule 9(b) allegations of fraud must be pled with specificity.

In *Beck v. Cantor, Fitzgerald & Co.*, 621 F. Supp. 1547, 1551 - 1552 (N.D. Ill. 1985), the court explained that a pleading was deficient under Rule 9(b) where the plaintiff: (1) did not identify who made representations to whom, the content of the representations, and where and when; (2) did not adequately distinguish the fraud among the many defendants; (3) made allegations on information and belief without any facts to support a foundation for their belief; and (4) failed to support general claims of conspiracy with specific facts.  Likewise, the court in *Beck* advised that "plaintiff cannot circumvent the requirements of Rule 9(b) by pleading conclusory allegations of such a conspiracy or scheme to defraud." *Id.* at 1552.

As detailed below, the Plaintiff's allegations against the Apalis Defendants are too vague, conclusory, and speculative to establish any cause of action and should be dismissed pursuant to Fed. Rules of Civ. Proc. Rule 12(b)(6).

**Argument**

Before addressing the substantive defects in the Plaintiff's inadequate pleading of Counts IX, XI, XII and XIII of the Complaint, the Apalis Defendants are compelled to point out that the obvious goal of the Plaintiff in this litigation is to cut-off competition. Yet, it is well recognized that: "There is a basic public policy, deep-rooted in our economy and respected by the courts, resting on the assumption that social welfare is best advanced by free competition." *Haan Crafts Corp. v. Craft Masters, Inc.*, 683 F. Supp. 1234, 1244 (N.D. Ind. 1988), *citing* 1 J.T. McCarthy, *Trademarks and Unfair Competition*, § 1:1 (2d ed. 1984).

Additionally, Illinois courts have recognized that, generally, employees may plan, form, and outfit a competing corporation while still working for the employer as long as they do not commence competition while still employed. *See*, *Dowell v. Bitner*, 273 Ill. App. 3d 681, 691 (4th Dist. 1995), and *Cooper Linse Hallman Capital Management v. Hallman*, 368 Ill. App. 3d 353, 357 (1st Dist. 2006) ("Former employees may compete with their former employer and solicit former customers as long as they do not do so before the termination of their employment. *Veco Corp. v. Babcock*, 243 Ill. App. 3d 153, 160, 611 N.E.2d 1054, 183 Ill. Dec. 406 (1993).

In this case, it is important to recognize that Plaintiff has failed to allege that any of the defendants commenced competition while still employed by Plaintiff.

1. <u>Count IX of the Complaint should be dismissed</u>

In Count IX of the Complaint, Plaintiff alleges the Apalis Defendants, along with Defendants Barone, Strahm, and Kieser, induced Defendant Dietz to breach his fiduciary duty to Plaintiff. To establish inducement, a plaintiff must show active persuasion, encouragement or

4

incitement that goes beyond merely providing information in a passive way. *Sain v. Nagel*, 997 F. Supp. 1002, 1018 (N.D. Ill. 1998). The *prima facie* elements of a claim for inducement of breach of fiduciary duty are: (1) defendant's collusion with a fiduciary in the commission of a breach of duty; (2) knowing participation in or inducement of a breach of duty; and, (3) knowing acceptance of the benefits resulting from the breach. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 508 (7th Cir. 2007).

In Count IX of the Complaint, as to the Apalis Defendants, Plaintiff only alleges that:

- Apalis was formed and its purpose was to compete with Plaintiff (¶¶ 195 & 196);
- Endress knew Dietz was a board member of Plaintiff (¶ 201);
- Endress encouraged Kieser to recruit Plaintiff's employees to work for Apalis and Apalis Commodities (¶ 202);
- Endress took steps to ensure that Apalis and Apalis Commodities was properly formed and ready to do business (¶ 203);
- Apalis and Apalis Commodities offered employment to Dietz (¶ 204); and,
- The Apalis Defendants – on information and belief – encouraged Kieser to persuade Dietz to help recruit Plaintiff's employees (¶ 205).

These allegations simply do not establish a cause of action for inducement against the Apalis Defendants. Unquestionably, there is nothing improper about forming a competing company, making sure it is ready to do business, or recruiting employees. As such, the allegations in Paragraphs 195, 196, 203, and 204 simply do not establish culpable conduct.

Turning to Paragraph 202, the allegation that Endress "encouraged" Kieser to recruit Plaintiff's employees is an inadequate conclusion. Plaintiff fails to set forth any facts of how or in what way Endress purportedly "encouraged" Kieser. Moreover, even if this Court were to find that the bare allegation of "encouragement" is not a conclusion under the *Twombly/Iqbal*

5

plausibility standard, the allegations in Paragraph 202 are still insufficient to establish a cause of action. There is no allegation that Kieser recruited Plaintiff's employees during work hours, or Kieser was under any non-solicitation agreement which would prohibit him from soliciting Plaintiff's employees. As noted above, an employee may plan, form, and outfit a competing corporation while still working for the employer as long as they do not commence competition while still employed. *See*, *Dowell* at 273 Ill. App. 3d at 691.

This leaves the allegation in Paragraph 205 that the Apalis Defendants – on information and belief – encouraged Kieser to persuade Dietz to help recruit Plaintiff's employees. Again, this paragraph contains conclusory allegations which are insufficient under *Twombly* and *Iqbal*. Plaintiff fails to allege any facts to establish a foundation for its "information and belief," and also fails to allege any facts to establish what the Apalis Defendants did to "encourage" Kieser or how Kieser purportedly "persuaded" Dietz. *See*, *Beck* at 621 F. Supp. at 1551 – 1552. Quite frankly, the allegations read like the children's game of telephone - Endress encouraged Kieser who encouraged Dietz. Even if factually accurate, which of course the Apalis Defendants do not concede, it is not sufficient to support the claim.

When the allegations in Count IX are scrutinized under the *Twombly/Iqbal* plausibility standard – and Plaintiff's unsupported conclusions are removed – it is clear Plaintiff has failed to allege that the Apalis Defendants colluded with Dietz, induced a breach of duty, or accepted any benefit. Therefore, Plaintiff has not alleged a *prima facie* cause of action for inducement and Count IX of the Complaint should be dismissed.

Furthermore, the Plaintiff's allegation of damages also shows the conclusory nature of its allegations. In Paragraph 207, Plaintiff alleges it suffered an overall loss of value of $11,360,024.00 as a result of its reduced share value, and $2,858,389.00 in lost contributions to profits. As to alleged reduced share value, in Paragraph 70, Plaintiff concedes that its independent

appraisal report cited the departure of the Resigning Defendants as the reason for the decrease in share value. Yet, the act of departure is not actionable in this case. Without question, the Resigning Defendants were not indentured servants and were free to leave Plaintiff's employ. Likewise, it must be noted that of the seven Resigning Defendants, only three were subject to non-competition agreements. Thus, four of the Resigning Defendants were free to solicit business from any client after leaving the Plaintiff's employ, including the Plaintiff's clients. Plaintiff has no allegations – outside of pure speculation or conclusion – that any of the Resigning Defendants solicited any of its clients while employed by the Plaintiff or in violation of a non-compete. As such, Plaintiff's allegation that it suffered an overall loss of value of $11,360,024.00 as a result of its reduced share value is not the result of any actionable conduct by the Apalis Defendants.

Similarly, Plaintiff's allegation that it suffered $2,858,389.00 in lost contributions to profits is inadequate. In Paragraph 95, Plaintiff alleges that the Resigning Defendants contributed to Plaintiff's profits in 2022. Again, the Resigning Defendants were free to leave the Plaintiff's employ, their voluntary termination was not actionable conduct. Accordingly, it is not only pure conjecture, it is irrelevant that the departure of the Resigning Defendants caused Plaintiff to suffer a reduction in profits equivalent to the amount produced by those employees during the year prior to their departure.

For these reasons, Count IX of the Complaint should be dismissed, or in the alternative, the Apalis Defendants should be dismissed from Count IX.

2. <u>Count XI of the Complaint should be dismissed</u>

In Count XI of the Complaint, Plaintiff purports to allege a cause of action for tortious interference with contract. The contracts which are the subject of Count XI are the employment agreements between Plaintiff and Defendants Dietz, Jacob and Meyer. It is axiomatic that a claim

7

for tortious interference with a contract requires the allegation of a breach of contract. *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990).

Yet, in this case, Plaintiff's only allegations of breach of contract by Dietz, Jacob and Meyer are entirely conclusory or based on pure speculation. Once again, it must be recalled that four of the Resigning Defendants were not under any covenant not to compete and were (and are still) free to compete with Plaintiff and solicit its clients. In the Complaint, Plaintiff does not identify even a single client that was solicited by Dietz, Jacob or Meyer in violation of their non-competes.

It is not enough for the Plaintiff to merely recite the elements of a cause of action. *See*, *Dean* at 2022 U.S. Dist. LEXIS 48469, at *10-11. The Complaint does not contain any facts supporting the conclusion that Dietz, Jacob and Meyer breach their employment agreements. *See*, *Dean* at *10 – 11 ("*Twombly* and *Iqbal* 'require the plaintiff to 'provid[e] some specific facts' to support the legal claims asserted in the complaint'"). Accordingly, Plaintiff's allegation that Dietz, Jacob and Meyer breached their employment agreements or solicited or serviced Plaintiff's clients while employed by Apalis or Apalis Commodities is wholly conclusory and speculative (¶¶ 226 & 229). The absence of specific factual allegations of a breach are telling. Indeed, ultimately, if required by the judicial system, the evidence will show that none of these Defendants violated their post-employment agreements. While this may be for another day, it is notable that there is a total lack of factual support for any breach.

As noted above, the court in *Beck* at 621 F. Supp. at 1551 – 1552 explained that a complaint was inadequate where it failed to distinguish allegations between the various defendants. Here, Plaintiff has failed to allege facts establishing or differentiating which unidentified clients it claims to have lost as a result of which defendant. In the absence of any non-conclusory or non-

speculative allegation of breach of contract, Count XI of the Complaint should be dismissed, or in the alternative, the Apalis Defendants should be dismissed from Count XI of the Complaint.

3. <u>Count XII of the Complaint should be dismissed</u>

Count XII of the Complaint purports to allege a claim for civil conspiracy – which allegedly includes fraud. Thus, pursuant to Rule 9(b), Count XII of the Complaint must be alleged with specificity. The *prima facie* elements of a claim of civil conspiracy are: "(1) a combination of two or more persons, (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means, (3) in furtherance of which one of the conspirators committed an overt tortious or unlawful act." *Diamond v. Nicholls*, 483 F. Supp. 3d 577, 593 (N.D. Ill. 2020).

In Count XII, Plaintiff purports to allege a lawful purpose (competition) by supposed unlawful means. As to the Apalis Defendants, Plaintiff only alleges tortious interference with the contracts of Dietz, Meyer and Jacob (¶ 233(a)), and inducement of breach of Dietz's alleged fiduciary duty (¶ 233(b)). The remaining allegations in Paragraph 233, subparagraphs (c) – (f), simply do not apply to the Apalis Defendants or involve any conduct which could be attributed to the Apalis Defendants.

As set forth above, Plaintiff's allegations of tortious interference are wholly conclusory, speculative, and defective under the *Twombly/Iqbal* plausibility standard. Similarly, as explained above, Plaintiff has not adequately alleged any breach of contract by Dietz, Meyer, or Jacob, and therefore, its tortious interference with contract allegations fail.

In the absence of any allegedly actionable conduct against the Apalis Defendants in Count XII which meets the *Twombly/Iqbal* plausibility standard, Count XII must be dismissed, or in the alternative, the Apalis Defendants should be dismissed from Count XII.

4. <u>Count XIII of the Complaint should be dismissed</u>

In Count XIII of the Complaint, Plaintiff seeks the imposition of a constructive trust. In its prayer for relief, Plaintiff requests:

- a constructive trust on all assets of Defendants Apalis and Apalis Commodities, and ordering the turn over of those assets to Plaintiff (Prayer at ¶ (n);

- a constructive trust on all profits and distributions made by Defendants Apalis and Apalis Commodities, and ordering the turnover of all profits and distributions to Plaintiff (Prayer at ¶ (n); and,

- the dissolution of Apalis and Apalis Commodities.

A party seeking a constructive trust must establish the elements of unjust enrichment and that the benefit to the other party was obtained by means of actual or constructive fraud, duress, abuse of confidential relationship, mistake, commission of a wrong or other unconscionable conduct. *Dubis v. Zarins (In re Teranis)*, 128 F.3d 469, 473 (7th Cir. 1997). A constructive trust is an equitable remedy that may be imposed only in limited circumstances to prevent unjust enrichment. *Id.* Like Count XII, Count XIII must be pled with specificity. *See*, Rule 9(b).

Despite this heightened pleading standard, in Count XIII, Plaintiff merely alleges that Apalis and Apalis Commodities compete with Plaintiff. (*See*, Complaint at ¶¶ 239, 240, and 241.) However, the Illinois Supreme Court in *Imperial Apparel, Ltd. v. Cosmo's Designer Direct, Inc.*, 227 Ill. 2d 381, 392 (2008) explained that: "Under Illinois law, commercial competitors are privileged to interfere with one another's prospective business relationships provided their intent is, at least in part, to further their businesses and is not solely motivated by spite or ill will."

In this case Count XIII should be dismissed as it is devoid of any allegations of unjust enrichment or that the Apalis Defendants obtained any benefit as a result of actual or constructive fraud, duress, abuse of confidential relationship, mistake, commission of a wrong or other unconscionable conduct and that the Apalis Defendants are solely motivated by spite or ill will.

Therefore, Count XIII should be dismissed, or in the alternative, the Apalis Defendants should be dismissed from Count XIII.

## Conclusion

For the reasons stated herein, and in the Motion to Dismiss as to Counts IX, XI, XII, and XIII, this Court should dismiss Counts IX, XI, XII, and XIII of the Complaint, or in the alternative, dismiss the Apalis Defendants from Counts IX, XI, XII, and XIII of the Complaint.

> Respectfully submitted
> APALIS, LLC, APALIS COMMODITIES, LLC and AUSTIN ENDRESS Defendants.
>
> By: Meyer Capel, A Professional Corporation
>
> By: **/s/ Lorna K. Geiler**
> Lorna K. Geiler, ARDC #6192940
> Attorney for Apalis Defendants
> Meyer Capel, A Professional Corporation
> 306 W. Church St.
> Champaign, IL 61820
> Phone: (217) 352-1800
> Email: lgeiler@meyercapel.com

**CERTIFICATE OF SERVICE BY ATTORNEY**

      In accordance with Fed.R.Civ.P. 5(a) and LR5.3(c) the undersigned attorney certifies that the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AS TO COUNTS IX, XI, XII, & XIII** was filed with the Clerk of this Court by submission of the same via this Court's Electronic Case File System ("ECF") on January 16, 2024 and that notice of said electronic filing will automatically be transmitted by email to:

**Michael Groves Butts:** mbutts@wdalawyers.com

**Brian K. Jackson:** bjackson@lanermuchin.com

**Chad R. DeGroot:** cdegroot@lanermuchin.com

      By:    **/s/ Lorna K. Geiler**
                    Lorna K. Geiler, ARDC#6192940
                    Attorney for the Defendant
                    Meyer Capel, A Professional Corporation
                    306 W. Church St.
                    Champaign, IL 61820
                    Phone: (217) 352-1800
                    Email: lgeiler@meyercapel.com