IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADVANCE TRADING, INC. an Illinois, Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:23-cv-01390 ) |
| CRAIG BARONE, CRAIG ROBERTSON, FRED DIETZ, BRIAN JACOB, ERIC MEYER JASON STRAHM, BRENT KIESER, AUSTIN ENDRESS, APALIS, LLC and APALIS COMMODITIES, LLC, an Illinois Limited Liability Company, | ) Hon. Michal M. Mihm ) ) Hon. Mag. Judge Jonathan E. Hawley ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, Craig Barone, Craig Robertson, Fred Dietz, Brian Jacob, Eric Meyer, Jason Strahm, and Brent Kieser (collectively "Defendants"), by and through their attorneys, pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss all counts of the Complaint (Docket Entry No. 1) filed by Plaintiff, Advance Trading Inc. ("Plaintiff"), with prejudice. In support of this Motion, and for the reasons stated in its accompanying Memorandum of Law, Defendants state the following:

**I.     PLAINTIFF'S CLAIMS[1]**

1.     Plaintiff's thirteen-count Complaint against various defendants includes the following claims: Count I – Securities Fraud; Count II – Securities Fraud; Count III ERISA Breach of Fiduciary Duty; Count IV – ERISA Other Equitable Relief; Count V – Breach of Contract; Count VI – Fraud by Affirmative Representation; Count VII – Fraudulent Concealment; Count VIII – Breach of Fiduciary Duty; Count IX – Inducement to Breach of

---

[1] In the instant Motion, Defendants address Plaintiff's claims and include a summary of its opposition arguments. In its accompanying Memorandum of Law, Defendants address the governing standard pursuant to Rule 12(b)(6) and applicable substantive law.

Fiduciary Duty; Count X – Breach of Employee Duty of Loyalty; Count XI – Tortious Interference with Contract; Count XII – Civil Conspiracy; and Count XIII – Constructive Trust. (*See generally* Plaintiff's Complaint, Dkt. No. 1). Defendants move to dismiss all of Counts I through XIII.

## II.    SUMMARY OF DEFENDANTS' ARGUMENTS

Defendants request that this Honorable Court dismiss all counts of Plaintiff's Complaint, with prejudice, for the following reasons:

a. In Counts I and II, Plaintiff fails to state a claim under federal securities law by failing to allege that Defendants proximately caused a loss, plead fraud with particularity, and allege that Defendants acted with scienter.

b. In Count III, Plaintiff fails to allege that Dietz was acting in a fiduciary capacity, fails to allege a breach of fiduciary duty, has no standing, and because the ERISA claim is not ripe for adjudication.

c. Count IV should be dismissed because Dietz violated no fiduciary duties and because the other Defendants against whom it is brought cannot possibly be liable for the claim alleged.

d. Count V should be dismissed because the restrictive covenants at issue are not enforceable, Plaintiff fails to allege a plausible claim, and because blue penciling would not be appropriate.

e. Counts VI and VII should be dismissed because alleged fraudulent representations about potential future conduct are not actionable and because there is no duty to provide advance notice of an at-will employee's future termination.

f. In Count VIII, Plaintiff fails to satisfy Rule 9(b) of the Federal Rules of Civil Procedure and defeats its own claim based on the facts alleged.

  g. Counts IX and X should be dismissed because preparing to compete against an employer is lawful conduct in Illinois.

  h. Count XI should be dismissed because the restrictive covenants at issue are unenforceable and because no actionable breach has been alleged, even if the covenants were enforceable.

  i. Count XII, should be dismissed because Plaintiff fails to plead viable anchoring claims in support of the civil conspiracy claim.

  j. Count XIII should be dismissed because it is not an actionable claim and is not a viable remedy in this case.

## III. CONCLUSION

WHEREFORE, for all the reasons stated above and in Defendants' accompanying Memorandum of Law, Defendants respectfully request that the Court dismiss Counts I through XIII of Plaintiff's Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

Dated:  January 19, 2024

           **DEFENDANTS FRED DIETZ, CRAIG BARONE, CRAIG ROBERTSON, BRIAN JACOB, ERIC MEYER, JASON STRAHM, and BRENT KIESER**

           By:  /s/ Brian K. Jackson
             One of Defendants' Attorneys

Brian K. Jackson
Chad R. DeGroot
Laner Muchin, Ltd.
515 N. State Street, Ste. 2400
Chicago, IL 60654
(312) 467-9800
bjackson@lanermuchin.com
cdegroot@lanermuchin.com

**CERTIFICATE OF SERVICE**

Brian K. Jackson, an attorney, certifies that he caused the foregoing **Defendants' Motion to Dismiss Plaintiff's Complaint** to be served on the parties below, via the Court's ECF filing system, on this 19th day of January 2024, addressed to:

> Michael Butts
> Wood, DeVary, Armstrong & Houska, P.C.
> 207 W. Jefferson St., Ste. 400
> Bloomington, IL 61701
> mbutts@wdalawyers.com
> Attorney for Plaintiff
>
> Lorna K. Geiler
> MEYER CAPEL
> 306 West Church Street
> Champaign, IL 61820
> lgeiler@meyercapel.com
> Attorney for Defendants AUSTIN ENDRESS, APALIS, LLC, and APALIS COMMODITIES, LLC.

/s/  Brian K. Jackson