IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ADVANCE TRADING, INC. an Illinois, Corporation, | ) ) ) |
| Plaintiff/Counter-Defendant, | ) Jury Demand (Counterclaim) ) |
| v. | ) Case No. 1:23-cv-01390 ) |
| CRAIG BARONE, CRAIG ROBERTSON, FRED DIETZ, BRIAN JACOB, ERIC MEYER JASON STRAHM, BRENT KIESER, AUSTIN ENDRESS, APALIS, LLC and APALIS COMMODITIES, LLC, an Illinois Limited Liability Company, | ) Hon. Michal M. Mihm ) ) Hon. Mag. Judge Jonathan E. Hawley ) ) ) ) |
| Defendants/Counter-Plaintiffs. | ) |

**DEFENDANTS'-COUNTERPLAINTIFFS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS'-COUNTERDEFENDANTS' MOTION TO DISMISS**

The counterclaims brought by Defendants/Counter-Plaintiffs Barone, Robertson, Dietz, Jacob, Meyer, Strahm, and Kieser (collectively "Defendants") against Plaintiff/Counter-Defendant Advance Trading, Inc. ("ATI"), and Counter-Defendants The Advance Trading, Inc. 401(k) Plan and ESOP, and its Administrative Committee (collectively, "Plaintiffs") include claims for breach of contract, defamation, and various breaches of fiduciary duty under ERISA. Without citing any particular rule supporting dismissal of any of the counterclaims, Plaintiffs offer several unavailing arguments as to why the counterclaims should be dismissed. As established below, the counterclaims are adequately pled and not defective. Therefore, Plaintiffs' Motion to Dismiss should be denied in its entirety.

In summary, Plaintiffs' Motion to Dismiss should be denied because:

- Plaintiffs fail to cite any federal rule (*e.g.*, 12(b)(1) or 12(b)(6)) in support of their Motion to Dismiss, as required by the Central District of Illinois;

- It would be unreasonable, unjust, and a waste of court and party resources to apply the forum selection clause in the Shareholder Agreement for purposes of dismissing the counterclaim in this court when the claims therein are so intertwined with the claims first asserted by Plaintiff in this very forum. In addition, although the federal notice pleading standards do not require a non-moving party to plead the elements of a cause of action, Defendants have adequately pled all elements required for a breach of contract claim;

- Defendants have adequately stated a claim for defamation *per se*, because their claim sufficiently alleges that the publicized statement that Defendants were "going to jail" in connection with their resignation from ATI was made by ATI personnel to a third party, was a statement of purported fact made either knowing it was false or with reckless disregard for its truth or falsity, could not be interpreted to refer to someone other than Defendants, and imputed to the Defendants the commission of criminal offenses. Plaintiffs arguments about pleading standards (*i.e.*, citing Illinois fact pleading cases) are without merit; and

- The breach of fiduciary duty claims cannot be dismissed for failure to exhaust administrative remedies, because no claims for benefits have been made by Defendants that would require such exhaustion. Rather, the alleged breaches of fiduciary duty relate to Plaintiffs' failure to follow plan terms, their failure to discharge their fiduciary duties prudently, and failure to supply information required by statute, none of which require or relate to the administration of a claim for benefits.

Accordingly, Defendants respectfully request that the Court deny Plaintiffs' Motion to Dismiss Defendants' Counterclaim and allow Defendants to proceed with those claims.

## I. LEGAL STANDARD

A motion to dismiss tests the sufficiency of a counterclaim, not the merits of the case. *Fairweather v. Reed Ill. Corp.*, No. 1:21-cv-04936, 2022 U.S. Dist. LEXIS 106341, *5-6 (N.D. Ill. June 15, 2022) (*citing Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020)). To survive a motion to dismiss, the counterclaim "must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (*quoting Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)).

## II. ARGUMENT

### A. Plaintiffs' Motion to Dismiss Is Deficient For Failing To Identify The Rule Under Which The Motion Was Filed.

The Local Rules for the Central District of Illinois require that every motion raising a question of law must identify the Rule under which the motion is filed. C.D. Ill. Civil LR 7.1(B)(1). Neither Plaintiffs' Motion to Dismiss (Dkt. 30) nor the Memorandum in Support of the Motion to Dismiss (Dkt. 31) identify any rule, either local or federal, under which the motion is filed or in support of the motion. Therefore, it is structurally deficient and necessarily must fail as a motion to dismiss in this court as a result. *See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 525 (7th Cir. 2020) (failing to follow local rules of practice can be fatal); *Ware v. Freeman-Wilson*, No. 2:15-CV-42-PRC, 2016 U.S. Dist. LEXIS 15459 (N.D. Ind. February 9, 2016) (denying motion for sanctions for failure to follow basic local rules).

**B.     The Defendants' Counterclaim For Breach Of Contract Was Adequately Pled And Should Not Be Dismissed.**

**1.     Defendants Counterclaim should not be Barred by the Forum Selection Clause in the Shareholders' Agreement.**

ATI claims that because the Shareholder Agreement at issue contains a forum selection clause requiring legal actions to be filed in the Circuit Court of McLean County, Illinois, Defendants' counterclaim must be dismissed. This argument fails because enforcement of the forum selection clause in this case given the circumstances would be unreasonable, unjust, and inconsistent with ATI's decision to assert claims against Defendants in this forum. Thus, Plaintiffs chose the forum in which the parties are litigating claims related to the Shareholders' Agreement.

In support of its Motion to Dismiss, ATI cites only one case for the proposition that forum selection clauses are enforceable in Illinois, *RLI Ins. Co. v. Briggs*, No. 23-cv-01079, 2024 U.S. Dist. LEXIS 6376 (C.D. Ill. January 5, 2024). (Dkt. 31, p. 3). Defendants, of course, do not dispute that basic premise. ATI, however, failed to address the limitations on the enforcement of a forum clause as discussed in *Briggs*, which held that such clauses are not enforceable if it would result in an outcome that would be unreasonable under the circumstances. *Id.* at *9 (citing *Jackson v. Payday Fin., LLC,* 764 F.3d 765, 774 (7th Cir. 2014)).

A forum selection clause cannot be enforced as a means of dismissal of a counterclaim where the claim and counterclaim are so intertwined that the resolution of one party's claims impact the resolution of the other's claim, because dividing the claims across multiple courts could result in conflicting judgments. *Ace Novelty Co. v. Vijuk Equipment, Inc.*, No. 90-cv-3116, 1991 U.S. Dist. LEXIS, *19-20 (N.D. Ill. July 31, 1991); *see also Taylor Inv. Corp. v. Weil*, No. 98-2632 (JRT/FLN), 2001 U.S. Dist. LEXIS 15232, *32-33 (D. Minn. March 31, 2001) (same).

4

Further, requiring the parties to adjudicate their factually and legally related claims in separate courts would be wasteful of judicial and the litigants' resources. *Id*.

Enforcement of the forum selection clause in this case would be unreasonable, as it was in *Vijuk* and *Weil*, *supra*, where the courts opted not to dismiss a counterclaim on the basis of improper venue for the aforementioned reasons.

    **2.    Defendants' Counterclaim Cannot Fail On The Basis That Defendants Deny That Certain Steps Have Not Been Taken.**

ATI also argues that Defendants' breach of contract claim fails because Defendants did not allege that they executed what remains unidentified documents. (Dkt. 31, P. 4). As an initial matter, Defendants clearly allege, among all other elements required for purposes of stating a claim for breach of contract, that they have performed all acts required of them to fully implement and carry out the terms of the Shareholder Agreement. (Dkt. 26, Counterclaim ¶81.) Federal pleading standards do not require a plaintiff to plead facts/evidence supporting every element of a claim. *See Platinum Inc. v. Infinite Transp., LLC*, No. 3:21-cv-50061, 2021 U.S. Dist. LEXIS 133685, at *5 (N.D. Ill. July 19, 2021). "The Seventh Circuit has consistently held that 'it is manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each.'" *Id*. (quoting *Chapman v. Yellow Cab Coop*., 875 F.3d 846, 848 (7th Cir. 2017). Therefore, a plaintiff is not required to plead the facts or the elements of a claim, with the exception found in Federal Rule of Civil Procedure 9, which is not applicable here because Defendants have not alleged fraud by Plaintiffs. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002).

Moreover, Defendants point out that they have included allegations that support each element of a claim for breach of contract either directly or by reasonable inference. And Plaintiffs' argument that Defendants' counterclaim should be dismissed because Plaintiff *denies*

5

that certain documents have been submitted is inconsistent with the requirement that the claims be viewed in the best light for the non-moving party. *Shull v. Dewitt County*, No. 12-3046, 2012 U.S. Dist. LEXIS 78238, at *8-9 (C.D. Ill. June 4, 2012) ("Plaintiff has also alleged that she performed her obligations under the contract, that Defendant breached the contract by not following its own policies, and that she was damaged by Defendant's breach. This is sufficient to state a claim for breach of contract.").

   C.  **Defendants Have Adequately Pled A Claim For Defamation.**

As alleged in Count II of Defendants' Counterclaim, ATI employees, who may include officers and directors, told at least one current and/or former client that Defendants would be "going to jail" for their actions associated with their departure from ATI. (Dkt. 26, Counterclaim ¶ 84). Defendants also allege that such statements imputed to the Defendants commission of criminal offenses, that such statements were false, and that the statements were made to third parties. (Dkt. 26, Counterclaim ¶¶85-87). In other words, Defendants have alleged the necessary elements for a claim for defamation *per se*.

ATI contends that because the statement that Defendants were "going to jail" as a result of their actions in leaving ATI did not identify a "specific crime," that it could not "be actionable as defamation *per se*." (Dkt. 31, p. 6). For support, ATI cites to *Lansing v. Carroll*, No. 11-cv-4153, 2015 U.S. Dist. LEXIS 84147 (N.D. Ill. June 29, 2015), and cut and pasted a string cite of Illinois state court decisions cited in *Lansing*.

Unlike federal courts, the Illinois state courts cited by Plaintiffs apply a fact pleading standard, meaning "the pleader is required to set out ultimate facts that support his or her cause of action." *Coghlan v. Beck*, 2013 IL App (1st) 120891, ¶ 22. The Seventh Circuit, however, has reminded its lower courts that such fact pleading standards have no place in federal courts. *See R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 942 (7th Cir. 2020) ("In our system of

6

notice pleading, complaints need only plead facts sufficient to put defendants on notice of the claims against them. The federal courts require notice pleading, not fact pleading complete with all the minutiae. A complaint need only provide notice of a plausible claim; there is no rule requiring parties to plead legal theories or elements of a case.").

For the above reasons, this Court should decline Plaintiffs' invitation that this Court conduct an innocent construction analysis during the pleading stage. *See Dutch Valley Growers v. Rietveld*, No. 16-2085, 2016 U.S. Dist. LEXIS 200571, at *29 (C.D. Ill. Aug. 29, 2016) ("A plaintiff who brings a claim for defamation *per se* is entitled to the usual rules for notice pleading established by Rule 8.") (citing *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 926 (7th Cir. 2003)).

In applying federal notice pleading standards, a simple allegation that someone would be arrested, not thrown in jail as is the case here, has withstood dismissal challenges. *See Mimms v. CVS Pharm., Inc.*, No. 1:15-cv-00970, 2017 U.S. Dist. LEXIS 27024, *22 (S.D. Ind. Feb. 27, 2017) (finding statement that plaintiff "has been…or would be arrested" amounted to a statement with defamatory imputation); *see also Socorro v. IMI Data Search, Inc.*, No. 02-cv-8120, 2003 U.S. Dist. LEXIS 7400, at *7-8 (N.D. Ill. May 2, 2003) (allegation that the defendant published a statement that plaintiff was a convict (no specific crime alleged) who had spent time in prison withstood pleading challenges, as the Court held: "[Plaintiff] need not allege special damages and is entitled to the usual rules for notice pleading established by Rule 8.").

ATI next argues that the alleged statement would not support a claim for defamation because the First Amendment would prohibit such claims when the language at issue amounts to "loose, figurative language that no reasonable person would believe presented facts," or because the statement was not "objectively verifiable." (Dkt. 31, p. 7). However, the defamatory

7

removed

statements at issue in this litigation clearly do not fit within those benign categories. Rather, the statement made to clients within the business community in which Defendants operate that Defendants "are going to jail," when discussing Defendants' separation from ATI, leaves no question to the person hearing such a statement that Defendants left ATI under circumstances that violated criminal law and would support the conviction of a crime. Further, that the Defendants are "going to jail" is an "objectively verifiable" statement by looking at the conduct of the Defendants in light of the Illinois and/or federal criminal code. Thus, even if the statement at issue could somehow be interpreted as an opinion, Illinois law recognizes that such opinions can be actionable defamation if that opinion implies a false assertion of verifiable fact, as it does here. *See Seitz-Partridge v. Loyola Univ. of Chi.* 2013 IL. App. (1st) 113409, ¶ 29 (2013).

Therefore, the published statement that the Defendants are "going to jail" is not protected by the First Amendment. This was a statement issued during a business call. As such, ATI's motion to dismiss the Defendants' defamation claim must fail.

### D. The Breach Of Fiduciary Duty Claims Are Adequately Pled And Not Defective.

Plaintiffs' arguments in support of dismissal of the Defendants' various claims for breach of fiduciary duty under ERISA misrepresents what constitutes a "claim for benefits" under ERISA. Plaintiffs argue that each of the three claims fail primarily because Defendants did not exhaust the administrative process. But exhaustion of administrative remedies only applies and is only required where individuals are pursuing claims for benefits. Defendants have not filed any claims for benefits under the ESOP, nor do their claims require that they do so. Instead, Defendants claim breaches of fiduciary duty resulted from Plaintiffs' failure to (i) operate the plan in accordance with its terms as to Defendants' ability to make changes to their investment elections, (ii) prudently discharge their duties with respect to ESOP stock valuations, and (iii)

8

provide statutorily required documents upon request. Thus, the rule requiring exhaustion of administrative remedies simply does not apply.

        **1.    Defendants' Breach of Fiduciary Duty claim under Count III is not Defective as it is not a Claim for Benefits, nor does it Stem from a Claim for Benefits.**

Plaintiffs' entire argument in this regard is based on the mistaken premise that before the Defendants can bring a claim in court, they must first file a claim for benefits under the ESOP in accordance with its written procedures. But, here, there is no claim for benefits because Defendants are not seeking benefits. They seek to compel the ESOP fiduciaries to operate the ESOP in accordance with its express terms.

Plaintiffs either misunderstand or misrepresent Defendants' position by expressing it as a claim that Defendants "are entitled to the benefit under the ESOP that would result if ATI or the ESOP purchased their ESOP shares in December 2022." (Dkt. 31, p. 8). To the contrary, Defendants' counterclaim in this regard is for breach of fiduciary duty because Plaintiffs failed to discharge their duties solely in the interests of the participants and in accordance with the written terms of the ESOP. *See Bartz v. Carter*, 709 F. Supp. 827, 828 (N.D. Ill. 1989) (Plaintiffs seeking restitution for fiduciary breach are not seeking benefits due under the plan). Plaintiffs did so by refusing to purchase the shares tendered by certain Defendants inside the ESOP in December 2022, while contemporaneously purchasing a high volume of shares tendered by other participants. That request to sell the shares inside the ESOP in accordance with Section 5.1 of the ESOP (Investment and Adjustment of Accounts) (Dkt. 26, Exhibit A) was not a claim for benefits. Rather, it was an attempt to liquidate an investment held in an individual account so that the monies associated with that investment could be invested elsewhere. Doing so in an ESOP is akin to a participant in any 401(k) plan going to a plan recordkeeper's website and making a

change to an investment election—a process that may occur as frequently as permitted by the respective plan, without a claim for benefits.

A "claim for benefits"—which triggers application of the administrative process—is defined as a "request for a plan benefit or benefits made by a claimant" from a benefit plan "in accordance with a plan's reasonable procedures for filing benefit claims." 29 C.F.R. 2650.503-1(e). "Benefits" for this purpose include medical, surgical, hospital, or disability benefits in the "welfare plan" context, or retirement income benefits in the retirement plan context. 29 U.S.C. 1002(1), (2). For example, a claim for benefits under a retirement plan would include a claim for a distribution of an accrued benefit. A claim for benefits under a health plan would include a claim for reimbursement of health care expenses incurred. A "claim for benefits" does not include a participant seeking to direct investment of a defined contribution plan account in accordance with plan terms. That would fall under the category of a plan feature; it is not a benefit in and of itself, just as a feature that allows a participant to name a beneficiary is not a "benefit" that a participant would seek through a "claim for benefits." Exercising a benefit right or feature does not require a claim for benefits, and as such there is no administrative claims procedure that applies to such exercise.

Because Defendants made no claims for benefits under the ESOP, the claim and appeal procedures set forth therein do not apply and need not be exhausted to bring a claim for breach of fiduciary duty in this case. *See Bartz*, 709 F. Supp. at 828 (denying motion to dismiss because "exhaustion is not required in actions for breach of fiduciary duty"); *Lindahl v. American Tel. & Tel. Co.*, 609 F. Supp. 267, 272 (N.D. Ill. 1985 ("Most courts have not imposed an exhaustion requirement in ERISA suits alleging breach of fiduciary duties.") For those same reasons, it would be inappropriate for the Defendants to bring their claim in this case under ERISA §

502(a)(1)(B) (29 U.S.C. 1132(a)(1)(B)). Defendants' counterclaims relate to a breach of fiduciary duty for failing to discharge their duties solely in the interest of participants and in accordance with the terms of the ESOP. Such claims are appropriate under ERISA § 502(a)(3) and need not be brought under 502(a)(1)(B). But, even if that were true, the determination as to whether a party can proceed under ERISA § 502(a)(3) or 502(a)(1)(B) is an issue that cannot be resolved merely by reference to the face of a complaint at the motion to dismiss stage. *Gieger v. UNUM Life Ins. Co. of Am.*, 213 F. Supp. 2d 813, 818 (N.D. Ohio 2008).

The cases cited in support of Plaintiffs' position and their logic are not applicable here. In *Neuma Inc. v. Wells Fargo & Co.*, 515 F. Supp. 2d 825 (N.D. Ill. 2006), the court granted a plan administrator's motion for summary judgment finding that a purported beneficiary of a life insurance policy had no standing and was time barred and thus, was not a beneficiary under ERISA. The plaintiff in that case was seeking benefits under that plan. *Id*. The court held that a "plaintiff cannot proceed under ERISA 502(a)(3) if it can state a claim for recovery of benefits under ERISA 502(a)(1)(B)." *Id*. at 843. It bears repeating, Defendants do not state a claim for the recovery of benefits because they are not seeking benefits and have not filed any claims for benefits under the ESOP. Also, as the court explained in *Neuma*, claims for breach of fiduciary duty, which is what is alleged here, can be brought by an individual participant under ERISA 502(a)(3). *Id*. This enforcement process does not mandate that such a claim be preceded by exhaustion of administrative remedies, nor does it limit such actions to claims under ERSIA § 502(a)(1)(B). *Bartz*, 709 F. Supp. at 828.

Likewise, in *Clark v. Hewitt Assoc.*, 294 F. Supp. 2d 946 (N.D. Ill. 2003), plaintiffs were seeking benefits in the form of life insurance policy proceeds. The court found that the proper avenue for relief in that case was ERISA § 502(a)(1)(B), as she was seeking benefits under the

11

plan. Again, in this case, that is not what Defendants are seeking. Indeed, no Defendant was eligible for a distribution under the terms of the Plan when they sought to make a change to their investment elections.

As discussed in *Clark*, ERISA § 502(a)(3) provides for equitable relief for injuries caused by violations of ERISA that Section 502 does not adequately remedy elsewhere. *Id*. at 950. All cases cited by the court in support of that contention involved the denials of benefits under a plan. *Id*. Here, there was no claim for or denial of benefits. Defendants sought to redirect investment of their ESOP accounts by liquidating their investments in ATI stock. Contrary to the terms of the ESOP, and in violation of their fiduciary duties, Plaintiffs failed to permit Defendants to change their investments. As a result of those breaches of fiduciary duty, Defendants are not seeking benefits, but rather, are asking the Court to compel ATI to simply operate the ESOP in accordance with its terms and not show preferences and otherwise disregard the ESOP's mandates. (Dkt. 26, Counterclaim ¶ 99).

For these reasons, the Court must not dismiss Count III of Defendants' Counterclaim.

> **2. Defendants' Breach of Fiduciary Duty Counterclaim for Plaintiffs' Failure to Discharge their Fiduciary Duties Prudently is not Defective and is not a Claim for Benefits.**

Similar to its approach to Count III of Defendants' Counterclaim, Plaintiffs attempt to dismiss Count IV solely by claiming that it amounts to a claim for benefits that should have been brought under ERISA § 502(a)(1)(B). Here, Defendants assert that Plaintiffs violated their fiduciary duty to prudently discharge their duties to the ESOP and its participants and beneficiaries, as required under ERISA § 404(a)(1)(D) (29 U.S.C. 1104(a)(1)(D)). (Dkt. 26, Counterclaims ¶¶ 101- 110). This claim arises from Plaintiffs' failure to properly value and/or oversee the valuation of ATI shares held by the ESOP. *Id*.

As discussed above, a claim for benefits requires a request for a plan benefit. 29 C.F.R. 2560.503-1(e). Once again, Defendants have made no such claim, nor are they required to do so to bring a claim for a breach of fiduciary duty in this context. Defendants properly brought this claim to either enforce their rights under the Plan under ERISA § 502(a)(1)(B) or for other equitable relief arising from Plaintiffs' breach under ERISA § 502(a)(3). *Id.* at ¶¶ 108-109. Therefore, Count IV of Defendants' Counterclaim should not be dismissed.

### 3. Defendants' Breach of Fiduciary Duty Counterclaim for Plaintiffs' Failure to Supply Statutorily Required Documents does not Require a Claim for Benefits or the Exhaustion of Administrative Remedies.

Count V of Defendants' Counterclaim arises from Plaintiffs' failure to provide documents required to be provided to participants under ERISA § 104(b)(4) (29 U.S.C. 1024(b)(4)) within the time periods specified under ERISA. (Dkt. 26, Counterclaim ¶¶ 113-116). Plaintiffs argue that Count V should be dismissed, once again, because Defendants failed to exhaust administrative remedies that only apply to claims for benefits, which, yet again, this is not.

Requesting documents that plan sponsors and fiduciaries are required to provide by law does not amount to a claim for benefits to which a plan's claims and appeals procedures apply. Nor does a cause of action for failure to meet those statutory mandates require a claim for benefits or exhaustion of administrative remedies. The request alone is sufficient, and the failure to provide the documents requested amounts to a breach of fiduciary duty under ERISA § 502(c).

In addition, contrary to Plaintiffs' contention, Defendants are not required to allege harm, prejudice, or bad faith in order to bring a claim under ERISA § 502(c). The cases Plaintiffs cite in support of their position in this regard all reference those elements solely for purposes of determining whether and to what extent to award a penalty—not whether a claim is adequate. *See Hess v. Hartford Life & Accident Ins. Co.*, 91 F. Supp. 2d 1215, 1224 (C.D. Ill. 2000);

13

*Kleinhans v. Lisle Sav. Profit Sharing Trust*, 810 F.2d 618, 622 (7th Cir. 1987). Prejudice, harm, and bad faith are factors that may be considered by a court in awarding penalties and the amount of those penalties due to violation of ERISA § 502(c); they are not elements that must be alleged to bring an action under that statute.

Plaintiffs also rely on *Robyns v. Reliance Standard Life Ins. Co.*, 130 F.3d 1231, 1235 (7th Cir. 1997), for the proposition that the Seventh Circuit has held that a district court may require the exhaustion of administrative remedies before a plaintiff may file a claim for violation of an ERISA statutory provision. (Dkt. 31, p. 11). However, Plaintiffs take this conclusion out of context and misapply it here. Defendants merely are seeking documents that ERISA requires Plaintiffs to provide. Indeed, the sentences immediately following what was cited and quoted by Plaintiffs make clear that such a position only applies where a claim for benefits is at issue. The Court followed Plaintiffs' referenced language by explaining that:

> Congress intended fund trustees to have primary responsibility for <u>claim processing</u>, as evidenced by the specific requirement in [ERISA § 503], of a <u>claim and appeal procedure</u> for every employee benefit plan. To make every <u>claim dispute</u> into a federal case would undermine the <u>claim procedure</u> contemplated by the Act. Finally, implementation of the exhaustion requirement enhances the trustees' ability to expertly and efficiently manage their funds by preventing premature judicial intervention in their decision-making processes. These advantages outweigh a plaintiff's relatively minor inconvenience of having to <u>pursue her claims administratively before rushing to federal court</u>.

*Robyns* at 1235-1236 (emphasis added) (internal quotations and citations omitted).

Clearly, the court was explaining that exhaustion of administrative remedies is necessary in the context of benefit claim administration. That is the only scenario in which exhaustion is required and even possible, as benefit plans do not contain claim and appeal procedures that would apply to anything other than a claim for benefits. ERISA plans contain claims and appeals

14

procedures pursuant to ERISA § 503 and the regulations thereunder that govern "the filing of benefit claims." 29 CFR 2560.503-1(b). Exhaustion of such administrative remedies is not possible when no claim for benefits is made or should have been made. Those required processes are set forth in the Department of Labor claim and appeal regulations, which are cited above, and are triggered whenever a "claim for benefits," such as a distribution from a retirement plan, or a reimbursement of a health care expense from a health plan, is made. In this case, when Defendants are merely trying to exercise their right to documents that a plan fiduciary is required to provide under ERISA upon request, the concept of exhaustion of administrative remedies associated with claims for benefits simply does not apply.

Dated: April 16, 2024

FRED DIETZ, CRAIG BARONE, CRAIG ROBERTSON, BRIAN JACOB, ERIC MEYER, JASON STRAHM, BRENT KIESER, Defendants

By: /s/Brian K. Jackson
Brian K. Jackson

Brian K. Jackson
Chad R DeGroot
LANER MUCHIN, LTD.
515 North State Street, Suite 2400
Chicago, IL 60654
(312) 467-9800
(312) 467-9429 (fax)

Attorneys for Defendants FRED DIETZ, CRAIG BARONE, CRAIG ROBERTSON, BRIAN JACOB, ERIC MEYER, JASON STRAHM, and BRENT KIESER.

**CERTIFICATE OF SERVICE**

I, Brian K. Jackson, an attorney, hereby certify that on April 16, 2024, I caused to be served a copy of the foregoing in the above-captioned matter to be filed with the Clerk of the District Court and served on the parties of record, including those listed below, by operation of the Court's CM/ECF electronic filing system, addressed to:

> Michael G. Butts
> Wood, DeVary, Armstrong & Houska, P.C.
> 207 West Jefferson Street, Suite 400
> Bloomington, Illinois 61701
> mbutts@wdalawyers.com
> Phone: (309) 827-0044
> Fax: (309) 829-0328

> /s/ *Brian K. Jackson*
> Brian K. Jackson